## PENA et al. v. LOVETT et al.

### No. 10255.

Court of Civil Appeals of Texas. San Antonio.

Feb. 16, 1938.

Rehearing Denied March 16, 1938.

Kelley, Looney & Norvell, of Edinburg, for appellants.

Strickland, Ewers & Wilkens, R. D. Cox, Jr., and Orville I. Cox, all of Mission, for appellees.

MURRAY, Justice.

The heirs of Miguel Garza Pena, deceased, instituted this suit against Jose Paz, T. F. Lovett, Jr., A. A. Kelley, and J. R. Ewers, Daisy L. Lewellyn and E. L. Calhoun, individually and as executors and testamentary trustees of the estate of T. F. Lovett, deceased, seeking to recover damages arising out of the injury and death of Miguel Garza Pena. It is alleged that Pena was injured and killed in an automobile collision which occurred on or about the 4th day of July, 1936, on the "M" road in Hidalgo county, Tex., near the city limits of San Juan. Pena was riding in a Chevrolet coach owned by one Leobardo Rodriguez and driven by one Desiderio Chavez; and Jose Paz was driving a truck either owned by the estate of T. F. Lovett, deceased, or in the use of said estate. These two automobiles collided, resulting in the injury and death of Pena. The petition further alleges that Jose Paz had placed the rear end of his truck against the rear end of another truck and was pushing same in a northerly direction on "M" road when the collision occurred. It is further alleged that said collision was proximately caused by and resulted from the careless acts of negligence and misconduct set forth in the petition and alleged to have been committed by the defendant, Jose Paz, "who was acting for and on behalf of the defendants, J. F. Ewers, Daisy L. Lewellyn and E. L. Calhoun, executors and testamentary trustees of the estate of T. F. Lovett, deceased, and for T. F. Lovett, Jr." The exact mission which Jose Paz is alleged to have been on at the time of the collision was to secure two workmen for his employers.

The trial court sustained a general demurrer to the petition as to all of the defendants except Jose Paz. The plaintiffs below then dismissed as to Jose Paz and declined to amend, whereupon the trial judge dismissed their cause of action. Juana Pena de Garza, a widow, Amanda Garza Pena, a feme sole, Luciano Garza Pena, Juan Garza Pena, Carmen Garza Pena, a feme sole, Rudolfo Garza Pena, Alberto Garza Pena, who are alleged to be all of the heirs of Miguel Garza Pena, deceased, bring this appeal from the judgment of dismissal.

It is apparent that the theory upon which the trial judge sustained the general demurrer in this case is that the allegations of the petition affirmatively show that Jose Paz, the agent and driver of the truck, had turned away from his master's business and was engaged in an enterprise entirely foreign to his employment at the time of the collision. We do not agree with this interpretation of the petition. In passing upon the sufficiency of a petition when challenged by a general demurrer, it is a familiar rule that all reasonable intendments of the language used in the petition must be indulged in favor of plaintiff's cause of ac-

tion. Applying this rule to the petition in this case we can come to no other conclusion than that the petition sufficiently alleges. that Jose Paz was engaged in the course of his employment at the time of the collision. It might seem that there was some contradiction between the general allegation that Jose Paz was in the furtherance of his employers' business, that is, going to San Juan for the purpose of securing two workmen, and the specific allegation that he was pushing another truck in a northerly direction on highway "M" at the time of the collision. The petition does not state why Jose Paz was pushing this truck; it does not state that such action was or was not done in connection with his mission for his employers, and we would not be justified in presuming that he had turned aside from his employers' business, in view of the general allegation in the petition, in effect, that he was in the course of his master's business.

The petition was sufficient when tested only in the light of a general demurrer to state a cause of action, and the trial court committed error in sustaining the general demurrer and dismissing the cause.

Accordingly, the judgment will be reversed, and the cause remanded.